**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| Amanda Tompkins, | : |
|         Plaintiff, | : Civil Action No.: 6:13-cv-00930 |
| v. | : |
| Ally Financial, Inc., | : **COMPLAINT** |
|         Defendant. | : **JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Amanda Tompkins, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. The Plaintiff, Amanda Tompkins ("Plaintiff"), is an adult individual residing in Longview, Texas, and is a "person" as defined by 47 U.S.C. § 153(10).

4. Defendant Ally Financial, Inc. ("AFI"), is a Michigan business entity with an address of 200 Renaissance Center Detroit, Michigan 48265-2000, and is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

5. Within the last four (4) years, Defendant contacted Plaintiff by placing as many as six (6) calls daily to Plaintiff's cellular telephone.

6. The calls from Defendant originated from the following telephone numbers, including but not limited to, (888) 803-XXXX and (888) 611-XXXX.

7. At all times mentioned herein, Defendant placed calls to Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

8. Upon answering each of Defendant's ATDS calls, Plaintiff experienced an extended period of silence followed by a prerecorded message that stated "Please hold for an important call…"

9. Plaintiff has no prior relationship with Defendant and never provided her consent to be contacted with ATDS calls on her cellular phone.

10. When she was able to speak with a live representative, Plaintiff was informed Defendant was attempting to reach someone by the name of Scotty.

11. During the initial phone conversation, Plaintiff informed Defendant that she did not know Scotty and that he could not be reached at her cellular phone number. Accordingly, Plaintiff requested Defendant cease all ATDS calls to her number.

12. Despite being informed of such, Defendant continued to hound Plaintiff with ATDS calls.

13. Plaintiff was forced to repeat her request for Defendant to stop all calls on at least three (3) separate occasions. To date, however, Defendant has continued to call Plaintiff.

## **COUNT I**

## **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227,** *et seq.*

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. At all times mentioned herein and within the last four years, Defendant called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

16. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

17. Defendant's telephone systems have earmarks of a predictive dialer. Often times when Plaintiff answered the phone, she was met with a period of silence before Defendant's telephone system would either connect her to live person or to a prerecorded message.

18. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. Plaintiff did not provide her consent to be contacted on her cellular telephone, and in fact instructed Defendant on multiple occasions to stop all calls to her and cease calling her cellular telephone.

20. Defendant continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times by Plaintiff to cease all calls and knowing there was no consent to continue the calls.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

21. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

24. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

25. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 4, 2013

    Respectfully submitted,

    By */s/ Jody B. Burton*

    Jody B. Burton, Esq.
    Bar No.: 71681
    LEMBERG LAW L.L.C.
    1100 Summer Street, 3rd Floor
    Stamford, CT 06905
    Telephone: (203) 653-2250
    Facsimile:  (203) 653-3424
    E-mail: jburton@lemberglaw.com
    Attorneys for Plaintiff